

**SO ORDERED.**

**SIGNED this 10 day of June, 2010.**

_Stephani W. Humrickhouse_
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **BANNERMAN HOLDINGS, LLC** | **10-01053-8-SWH** |
| **DEBTOR** | |

**ORDER ALLOWING MOTION TO ASSUME EXECUTORY CONTRACT**

The matter before the court is the motion of the debtor, Bannerman Holdings, LLC, to assume an executory contract. A hearing took place in Raleigh, North Carolina, on May 27, 2010.

Bannerman Holdings, LLC filed a petition for relief under chapter 11 of the Bankruptcy Code on February 12, 2010. The debtor's real property includes "Bannerman Station," a property consisting of numerous condominiums, as well as a parking lot in downtown Wilmington, North Carolina. The condominium units were apparently developed with the intent of immediate sale, but in light of the current real estate market, the debtor is leasing many of the units while they are listed for sale. Prior to filing the petition, the debtor entered into an independent contractor agreement with Todd Toconis to manage the leasing of these units. Toconis is the debtor's member-manager and partial owner, and is also a real estate broker. Under the agreement, Toconis manages the debtor's property, performing duties such as collection of rent, solicitation of applicants, entering leases on behalf of the debtor, making repairs, addressing tenant inquiries, processing evictions, and

handling any small claims proceedings. In exchange for these services, Toconis receives 10% of the gross rental income received. Since the filing of the petition, Toconis continues to manage the debtor's property and the debtor seeks to assume the contract and to continue compensating Toconis according to the contract terms.

SunTrust Bank, a secured creditor, objects to the assumption of the contract, contending that it allows Toconis unbridled discretion to manage the property. SunTrust further contends that Toconis is providing professional services which are subject to the requirements of 11 U.S.C. § 327 regarding the employment of professionals. As § 327 requires that any professional employed by the debtor be "disinterested" and not an insider, SunTrust asserts that Toconis cannot be employed by the debtor given his role as the debtor's member-manager. SunTrust maintains that even if the employment were allowed under § 327 or the contract assumed under § 365, the contract is not in the debtor's best interest because the rate of compensation is above the market rate and the scope of services is overly broad.

The debtor seeks to assume the property management agreement under § 365 of the Bankruptcy Code, which permits a debtor in possession to assume an executory contract, subject to the court's approval. 11 U.S.C. § 365. The court must first determine, however, whether Toconis is a "professional" under § 327. If so, § 327 would govern and the appropriate inquiry would be whether Toconis's status as member-manager of the debtor disqualifies him from providing services to the debtor. Section 327(a) provides that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or

assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).[1] At issue is whether Toconis qualifies as one of the "other professional persons" subject to § 327.

Toconis is clearly a "person" as defined by 11 U.S.C. § 101(41), but since the term "professional" is not defined by the Code, the court must consider nonstatutory factors to determine whether Toconis is a "professional person" under § 327. In re Carolina Sales Corp., 45 B.R. 750, 752 (Bankr. E.D.N.C. 1985). SunTrust contends that Toconis is a professional because as a real estate broker, he is required to be licensed by the State of North Carolina. See also In re Channel 2 Associates, 88 B.R. 351, 352 (Bankr. D. N.M. 1988) (noting that "bankruptcy courts routinely hold that real estate brokers are 'professional persons'"). The debtor asserts, on the other hand, that Toconis is acting as a property manager for the debtor, and does not need to be licensed in this capacity because he is an owner of the property. Toconis testified that he is not licensed to manage property owned by others and in fact refers the management of units in his building to third parties once the units are sold.

The debtor points to In re Seatrain Lines Inc., among other cases, in support of its position that Toconis is not functioning as a professional under § 327. 13 B.R. 980 (Bankr. S.D.N.Y. 1981). In Seatrain, the court held that the retention of maritime engineers did not require court approval under § 327 because

> [f]or the purposes of section 327(a), "professional person" is limited to persons in those occupations which play a central role in the administration of the debtor proceeding. Court approval is required for the retention of attorneys, accountants, appraisers, auctioneers and persons in other professions intimately involved in the administration of the debtor's estate.

---

[1] Although this section refers to the "trustee's duties," those duties also apply to debtors in possession. 11 U.S.C. § 1107(a).

3

> The court recognizes that the maritime engineers proposed by Seatrain will play an important role in the mechanics of Seatrain's operation. Their retention, however, will not affect the administration of Seatrain's reorganization.

In re Seatrain Lines, Inc., 13 B.R. 980, 981. SunTrust asserts that the broad discretion given to Toconis under the agreement creates an integral relationship with the administration of the estate. In response the debtor points to In re Century Inv. Fund VII Ltd. P'ship, where the debtor owned an apartment complex and property management tasks were performed by one of its subsidiaries. 96 B.R. 884 (Bankr. E.D. Wis. 1989). In finding that § 327 did not apply, the court likened the property manager's role to that of the engineer in Seatrain, holding that such role

> may be contrasted with that of an attorney who appears in bankruptcy proceedings, an appraiser required to value property of the estate, a realtor disposing of property of the estate, or an accountant responsible for tax and court reporting requirements. While a property manager may consider himself or herself a "professional," this court is not persuaded that the person or company that rents apartments and arranges for maintenance is any more professional, in the bankruptcy context, than a maritime engineer or lobbyist. Such services are necessary whether a Chapter 11 has been filed or not, and the nature of the services does not change significantly on account of the bankruptcy.

In re Century Inv. Fund VII Ltd. P'ship, 96 B.R. 884, 893-894. Thus, the debtor argues that Toconis is simply carrying out tasks that need to be done in the debtor's day-to-day operations, rather than acting in a way that affects the administration of the estate.

The bankruptcy administrator acknowledges that gray areas can arise in defining a "professional" under § 327, for instance when classifying an individual as a bookkeeper (not a professional under § 327) or an accountant (a professional under § 327). In the present situation, however, the bankruptcy administrator does not view Toconis's duties as those of a professional under § 327, because she views Toconis's tasks as necessary in the debtor's day-to-day business. These tasks, which include collecting rent and leasing properties, are tasks that Toconis performed

4

prior to the initiation of the bankruptcy case as an owner of the property, and these tasks must continue to be performed. In addition, the bankruptcy administrator views the compensation of 10% of gross rental income as reasonable in her experience in reviewing such rates. The bankruptcy administrator therefore does not view Toconis as a professional subject to § 327, nor does she object to the assumption of the contract under § 365.

The court agrees with the debtor and the bankruptcy administrator. In this case, Toconis's role as a property manager does not rise to the level of a "professional" within the meaning of § 327. Instead, Toconis appears to be facilitating the mechanics of the debtor's operations, which currently include leasing condominium units and parking lot spaces. Toconis testified that in addition to the various duties involved with leasing, his other primary duties include visiting the units each time a repair is requested and fielding issues daily with the parking lot. No evidence has been presented of self-dealing; instead, Toconis's duties, while important, are much more of a "mechanical" nature than intimately involved in the administration of the estate. As a result, § 327 does not apply. The court does not find that property managers are per se non-professionals under the statute, but rather that under the facts of this case, the "professional" threshold has not been established.

The court further finds that no evidence has been presented to suggest that 10% of rental income is an excessive rate of compensation. Toconis testified that comparable property managers in Wilmington, North Carolina, charge 12% on average. Further, tenants are informed that the units are for sale, and that the lease may or may not be renewed upon sale of the unit. The leases are staggered in termination dates, so that the units are more attractive to a prospective purchaser who would not prefer to assume the lease. Finally, Toconis leaves four units with different floor plans available for showings, so as not to impede sales.

Based on the foregoing, Toconis appears to be performing his property management duties without impairing the debtor's ability to accomplish its original goal of selling all of the units in the Bannerman Station building, and is performing typical, day-to-day duties in managing the parking lot.  The court therefore finds the agreement reasonable and in the debtor's best interest.

Accordingly, the debtor's motion to assume its executory contract with Todd Toconis is **ALLOWED.**

**SO ORDERED**.

**END OF DOCUMENT**